**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MARCOS RUIZ,

      Plaintiff,

vs.                                                   No. CIV 25-0488-JB\JFR

CARLOS LAZARIN, SNMCF-POV
OFFENDERS MANAGEMENT SERVICES, E.
CASTREJON, & WEXFORD HEALTH
SERVICES INC.,

      Defendants.

**<u>MEMORANDUM OPINION AND ORDER</u>**

**THIS MATTER** comes before the Court on Defendant Carlos Lazarin's Motion to Dismiss and Supporting Memorandum, filed May 23, 2025 (Doc. 2)("MTD").   Defendant Carlos Lazarin, Warden of Southern New Mexico Correctional Facility, seeks dismissal of Plaintiff Marcos Ruiz' pro se Complaint (Tort), filed December 10, 2024 (Doc. 1-1)("Complaint"), for failure to state a claim upon which the Court can grant relief.   <u>See</u> MTD at 1.   Ruiz' Complaint alleges that prison officials are negligent and deliberately indifferent to Ruiz' serious medical needs in violation of 42 U.S.C. § 1983.   <u>See</u> Complaint at 1-3.   The MTD argues, among other things, that the Complaint fails to connect Lazarin to the alleged wrongdoing.   <u>See</u> MTD at 8.

After Lazarin files the MTD, Ruiz submits the Plaintiff's Response to Defense Counsel for Carlos Lazarian's Notices, Motions, etc., filed August 8, 2025 (Doc. 11)("Response").   The Response contains arguments along with additional facts about Lazarin's alleged involvement in the deficient medical care.   <u>See</u> Response at 8-9.   The Response alleges that: (i) staff reported issues to Lazarin, including Ruiz' medical issues; and (ii) Lazarin interacted with Ruiz as Ruiz' medical condition deteriorates.   <u>See</u> Response at 9.

While courts generally must give pro se plaintiffs a chance to amend and cure deficiencies

in their initial pleading, see Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), a plaintiff cannot amplify the allegations in his complaint through the response to a MTD, see Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994)(holding that the MTD's purpose is to "test 'the sufficiency of the allegations within the four corners of the complaint'"); Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984)("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss").   The Court therefore declines to consider the additional factual allegations in Ruiz' Response.

Rather than striking the additional factual allegations altogether, and because pro se parties generally may amend before dismissal, the Court grants leave to file a single, amended complaint that contains all factual allegations.   See Reynoldson v. Shillinger, 907 F.2d 124, 126 (10th Cir. 1990)("[W]e have extended to pro se plaintiffs an opportunity to remedy defects potentially attributable to their ignorance of federal law and motion practice both in a summary judgment and in a Fed. R. Civ. P. 12(b)(6) context."); Johnson v. New Mexico Dep't of Corr., No. CIV 24-0824 JB\JFR, 2025 WL 708912, at *1 (D.N.M. March 5, 2025)(Browning, J.)(permitting pro se prisoner to amend complaint where, as here, the defendant files a MTD).   The Court denies Lazarin's MTD -- which is now moot -- without prejudice to refiling after Ruiz submits his amended complaint. The Court also grants Lazarin's Motion to Stay All Discovery Pending Resolution of his Motion to Dismiss, filed May 23, 2025 (Doc. 5)("Motion to Stay Discovery").   Because this is a pro se prisoner case, the parties are not required to engage in discovery absent further Court order, and unless and until the amended complaint survives initial review under rule 12(b)(6) of the Federal Rules of Civil Procedure and under 28 U.S.C. § 1915A.   See Hall v. Bellmon, 935 F.2d at 1109 (citing Martinez v. Aaron, 570 F.2d 317, 319-20 (10th Cir. 1978), and noting that, in lieu of traditional discovery, courts have the option of ordering a "Martinez report" when a pro se prisoner

claim survives initial review; the Martinez report is "a court-authorized investigation and report by prison officials" aimed at ferreting out the "factual or legal bases for [the] claims.").

Ruiz must file his amended complaint within thirty days of this ruling's entry.  The amendment must "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claim against him or her."  Robbins v. Oklahoma, 519 F.3d 1242, 1249-50 (10th Cir. 2008).  See also Pahls v. Thomas, 718 F.3d 1210, 1225-26 (10th Cir. 2013)(holding that "collective allegations" regarding the alleged wrongdoing do not state a viable 42 U.S.C. § 1983 claim).  To state a claim for deliberate indifference to medical needs in violation of the Eighth Amendment to the United States Constitution, the amendment must "satisfy an objective prong and a subjective prong."  McCowan v. Morales, 945 F.3d 1276, 1291 (10th Cir. 2019).  The objective prong requires a substantially serious medical need, which a plaintiff can satisfy by showing "a physician directed further treatment after diagnosing the condition or the need for a doctor's attention would be obvious to a lay person."  Lance v. Morris, 985 F.3d 787, 793 (10th Cir. 2021).  To satisfy the deliberate-indifference test's subjective prong, the amendment must include "evidence of [each individual] prison official's culpable state of mind."  Lance v. Morris, 985 F.3d at 751.  Each defendant must have known the plaintiff faces a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it.  See Martinez v. Garden, 430 F.3d 1302, 1304 (10th Cir. 2005).

The amendment also must include facts connecting each named defendant to the alleged wrongdoing.  See Trask v. Franco, 446 F.3d 1036, 1046 (10th Cir. 1998)(holding that a § 1983 plaintiff must show that each state actor violates the Constitution).  If the amendment names a prison supervisor or an entity-defendant under § 1983, the alleged facts must show: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued

operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." Brown v. Montoya, 662 F.3d 1152, 1164 (10th Cir. 2011)(addressing prison supervisors). See Dubbs v. Head Start, Inc., 336 F.3d 1194, 1216 (10th Cir. 2003)(applying the same standard to entity-defendants). If Ruiz wants to pursue State tort claims, the amendment must indicate whether and when he issues notice of the claims pursuant to the New Mexico Tort Claims Act, N.M.S.A.§§ 41-4-1 through 41-4-27. The Court may dismiss this case with or without prejudice if Ruiz does not timely amend in accordance with the above instructions.

**IT IS ORDERED** that: (i) within thirty days of this Order's entry, the Plaintiff shall file a single, amended complaint that complies with the above instructions; (ii) the Court denies the request in Defendant Carlos Lazarin's Motion to Dismiss and Supporting Memorandum, filed May 23, 2025 (Doc. 2) as moot and without prejudice to refiling; and (iii) the Court grants Defendant Carlos Lazarin's Motion to Stay All Discovery Pending Resolution of his Motion to Dismiss, filed May 23, 2025 (Doc. 5).

_____
UNITED STATES DISTRICT JUDGE

*Plaintiff and Parties:*

Marcos Ruiz
Hagerman, New Mexico
Plaintiff Pro Se