IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARCOS RUIZ,

      Plaintiff,

vs.                                         No. CIV 25-0488 JB\JFR

CARLOS LAZARIN, SNMCF-POV
OFFENDERS MANAGEMENT SERVICES, E.
CASTREJON, & WEXFORD HEALTH
SERVICES INC.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Court's Memorandum Opinion and Order, filed March 4, 2026 (Doc. 13)("MOO"). Plaintiff Marcos Ruiz is incarcerated and is proceeding pro se. See Complaint (Tort) at 1, filed December 10, 2024 (Doc. 1-1)("Complaint"). The Court in the MOO directs Ruiz to file a single, amended complaint that contains all factual allegations. See MOO at 4. Because Ruiz does not comply or otherwise respond to the Court's MOO, the Court dismisses this action and closes the case.

## BACKGROUND

Ruiz is incarcerated at the Roswell Correctional Center in Hagerman, New Mexico. See Complaint at 1-2. Ruiz' Complaint alleges that prison officials are negligent and deliberately indifferent to Ruiz' serious medical needs in violation of 42 U.S.C. § 1983. See Complaint at 1-3. On May 23, 2025, Defendant Warden Carlos Lazarin removes the Complaint to this Court based on federal-question jurisdiction, and files a Motion to Dismiss and Supporting Memorandum. See Notice of Removal, filed May 23, 2025 (Doc. 1); Defendant Lazarin's Motion to Dismiss and Supporting Memorandum, filed May 23, 2025 (Doc. 2)("Motion to Dismiss"). The Motion to Dismiss argues, among other things, that the Complaint fails to connect Lazarin to

the alleged wrongdoing.   See Motion to Dismiss at 8.   Ruiz files a response-brief to the Motion

to Dismiss, which is titled Response to Defense Counsel for Carlos Lazarian's Notices, Motions,

etc., filed August 8, 2025 (Doc. 11)("Response").   The Response contains arguments along with

additional facts about Lazarin's alleged involvement in the deficient medical care.   See Response

at 8-9.

By the MOO entered March 4, 2026, the Court explains that, while pro se plaintiffs may

generally amend and cure deficiencies in their initial pleading, see Hall v. Bellmon, 935 F.2d 1106,

1110 (10th Cir. 1991), a plaintiff cannot amplify the allegations in his complaint through the

response to a motion to dismiss, see MOO at 2-3; Mobley v. McCormick, 40 F.3d 337, 340 (10th

Cir. 1994)(The purpose of a motion to dismiss is to "test 'the sufficiency of the allegations within

the four corners of the complaint"); Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th

Cir. 1984)("It is axiomatic that the complaint may not be amended by the briefs in opposition to a

motion to dismiss").   The MOO therefore declines to consider the additional factual allegations

in Ruiz' Response, but permits Ruiz to file a single amended complaint that contains all factual

allegations.   See MOO at 3-4.   The MOO warns that, if Ruiz does not amend timely his

complaint, the Court may dismiss this case without further notice.   See MOO at 4.

Ruiz does not amend by the April 3, 2026 deadline or otherwise respond to the MOO.   The

Court considers whether to dismiss this matter for lack of prosecution, and failure to comply with

rules and orders.

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of

an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil

Procedure] or a court order."   Fed. R. Civ. P. 41(b).   See also AdvantEdge Bus. Grp. v. Thomas

E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.").   As the Tenth Circuit explains, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ."   Rogers v. Andrus Transp. Services, 502 F.3d 1147, 1152 (10th Cir. 2007).   "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders."   Olsen v. Mapes, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice."   Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009).   If dismissal is without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures."   Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d 1158, 1162 (10th Cir. 2016).   Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria."   Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d at 1162.   Those criteria include: "the degree of actual prejudice to the defendant; the amount of interference with the judicial process; the culpability of the litigant; whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and the efficacy of lesser sanctions."   Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d at 1162.

Here, Ruiz does not file an amended complaint, as the MOO requires.   In light of this

failure, the Court dismisses the Complaint pursuant to rule 41(b) for failure to prosecute and failure to comply with rules and orders. See Olsen v. Mapes, 333 F.3d at 1204. After considering the factors in Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, the dismissal is without prejudice.

IT IS ORDERED that: (i) the Plaintiff Marcos Ruiz's Complaint (Tort), filed December 10, 2024 (Doc. 1-1), is dismissed without prejudice; and (ii) the Court will enter a separate Final Judgment disposing of this civil case.

_____
UNITED STATES DISTRICT JUDGE

*Plaintiff Pro Se and Parties:*

Marcos Ruiz
Hagerman, New Mexico

*Plaintiff Pro Se*

Mary T. Torres
Law Offices of Mary T. Torres
Albuquerque, New Mexico

*Attorneys for Defendant Carlos Lazarin*